**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ACTIAN CORPORATION, | § § § | |
| Plaintiff | § | |
| | § | |
| v. | § § | Case No:_ 4:24-cv-0034_____ |
| | § | |
| | § | |
| SABRE GLBL, Inc.; | § | |
| SABRE CORPORATION; SABRE, INC. | § | |
| | § | |
| Defendants | § | |

## ORIGINAL COMPLAINT

Actian Corporation ("Actian" or "Plaintiff"), by and through its attorneys, files its Original Complaint against Sabre GLBL, Inc., Sabre Corporation, and Sabre Inc. ("Sabre" or "Defendants"), and hereby pleads and alleges as follows.

## SUMMARY

1.      This is an action for breach of contract and copyright infringement.  Under the parties' contract, Sabre obtained limited license rights to certain FastObjects software owned by Actian.  That license was subject to the terms and conditions of the contract.  Among the terms and conditions to any distribution right were Sabre's obligation to report and pay for each distribution of FastObjects.  Nevertheless, Sabre has distributed copies of Actian's FastObjects software without reporting and without paying for those distributions, thus giving rise to breach of contract and copyright infringement.

2.      Separately, Sabre breached the contract by failing to comply with the contract's audit and reporting obligations.  Actian has attempted for months to obtain basic information from Sabre regarding its reproduction and distribution of FastObjects software.  Heightening Actian's concerns about Sabre's unlawful activity, Sabre has refused to provide basic information, in breach of the parties' contract.

## PARTIES

1.      Defendant Actian Corporation is a Delaware corporation with its principal place of business in Northern California.  Actian also has an office in Austin, Texas, from which Actian has engaged in ongoing interactions with Sabre relating to this dispute.

2.      Sabre is a software company that focuses on the travel industry. On information and belief, Sabre GLBL, Inc. is the operating subsidiary of Sabre Corporation.  On information and belief, Sabre Corporation was also involved in the reproduction and distribution of FastObjects software, based, for example, on communications from Sabre's counsel, who identified Sabre Corporation as their client in connection with this matter.  Sabre Inc., on information and belief, was also involved in such activity, as indicated by the fact Sabre Inc. was the original party to the subject contract.  Each Sabre entity, on information and belief, is incorporated in Delaware and has its principal place of business in Southlake, Texas, in the Northern District of Texas.

## JURISDICTION AND VENUE

3.      The Court has personal jurisdiction over Defendants because they have their principal place of business in the Northern District of Texas.

4.      Venue is likewise proper in this District because Defendants have their principal place of business here, and a substantial part of the events or omissions occurred in this District.

5.      The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §

1391 because it arises under federal law, namely, under the Copyright Act, 17 U.S.C. § 101 *et seq.* The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## **FACTUAL BACKGROUND**

6.      Plaintiff Actian is a computer software company headquartered in the Silicon Valley area of California, with an office in the Austin, Texas area.  Actian's primary focus is hybrid data management, integration, and analytics. Actian is renowned for its innovative data management, integration, and analytics technologies. Actian has thousands of customers including large global enterprises, public sector entities, and small to medium enterprises.

7.      The Actian software at issue in this lawsuit is Actian's FastObjects software ("Software").  The Software is used to manage data in complex environments in need of high-performance capabilities.

8.      The Software is protected by valid copyrights owned by Actian and registered with the Copyright Office.  See, e.g., Copyright Registrations TX00092327286; TX0009322008; TX0009322004; TX0009232880; TX0009328613' TXu002344685.

9.      In 2000, Actian's predecessor-in-interest, Poet Software Company, and Sabre entered into a written contract entitled Software OEM Agreement (Domestic) (hereinafter, "Agreement").  Under the Agreement, Sabre obtained certain limited, non-exclusive license rights to the Software.  The Software is an essential component of Sabre's software used for the travel industry known as Qik-Access.  Sabre used the Software to develop Qik-Access applications and as a distributed component of such applications.

10.     The Agreement's license to the Software was expressly subject to the terms and conditions of the Agreement.  The Agreement conveyed limited license rights to development and runtime Software.  The Agreement's development license was limited to internal use at Sabre, and was further limited to use of only one developer at a time as to each licensed copy.  To the extent Sabre distributed development Software, or exceeded any of the use limits, that would constitute copyright infringement and breach of contract.  Should discovery reveal any such misuse, Actian seeks full recovery for any such misuse.

11.     Among the terms and conditions is Sabre's obligation to report and pay fees for each copy of the runtime Software distributed in connection with Qik-Access.  *See* Sections §§ 3.1, 3.2, 3.3, 5.2 & Ex. B.  Fees are owed under the Agreement for all such distributions.  *See* Agreement, Ex. B § 2.  The Agreement also provides that payments are owed for copies of the Software made, including in connection with "Development" versions of the Software.  *See* Agreement §§ 3.1-3.4, 5.2, Ex. B § 1.

12.     Because Actian lacks visibility into how Sabre is using Actian's extremely valuable intellectual property, the Agreement also gave Actian a broad audit right.  In particular, under section 4.3 of the Agreement, Sabre must preserve and Actian has the right to audit license reports, including the manner of their creation, as well as other proper records and books relating to Sabre's performance under the Agreement, to verify amounts owed under the Agreement.  Furthermore, under that section, Sabre is required to make available to Actian "all relevant records in order to perform the audit, including but not limited to all records relating to activities worldwide."

13.     Sabre had not reported distributions or made royalty payments since approximately 2014.  Actian trusted Sabre's lack of reporting as being honest.  In June 2023, Sabre sought a renewal regarding solely development Software; in discussions, Sabre admitted that Qik-Access

still utilized copies of the Software, thus indicating for the first time, in June 2023, that Sabre had been egregiously failing to report and pay for distributions of the Software going back to at least 2014. Sabre also admitted that it did not know the number of distributions of the Software that had occurred. Therefore, in 2023, Actian provided notice of its intent to conduct an audit. In response, Sabre emailed high-level information regarding downloads of the Qik-Access application for only a limited time period. Actian responded that Sabre had fallen far short of providing the necessary documents to conduct a meaningful audit. Eventually in October 2023, Sabre provided highly redacted documents allegedly reflecting downloads of Qik-Access for a very limited period of time, which disclosed for the first time that distributions of the Software have continued despite Sabre's ongoing deliberate failure to report and pay for distributions of the Software. While such reports provided some information, Actian pointed out that they did not come close to satisfying Sabre's obligation to make available "all relevant records." Sabre has failed to provide additional highly relevant documents, including, without limitation, end user license agreements, in material breach of the Agreement's audit provisions.

14.     For months Actian has tried to obtain such basic information from Sabre, such as a copy of its standard customer agreements, which would provide information on the extent of the unlawful reproduction and distribution of the Software. Sabre has repeatedly refused and failed to provide such basic information, despite an assurance that it would do so. The ongoing delays have substantially heightened Actian's concerns regarding the protection of its Software and intellectual property.

15.     Based on the limited information disclosed in October 2023, it is clear that Sabre has been engaged in ongoing copyright infringement regarding the Software. Without reporting and paying fees owed for reproduction and distributions of the Software, as required by the

Agreement, reproduction and distribution of the Software has been occurring despite Sabre's blatant failure to report and pay for such activity.

16.     The October 2023-disclosed reports are also only for a very limited time period (part of 2021-2023), even though, on information and belief, reproduction and distribution of the Software occurred long before that disclosed time period without Sabre having complied with the terms and conditions of reporting and paying for the Software.  Actian will pursue such details in discovery, and Actian seeks recovery for all reproduction and distribution of the Software that occurred in violation of the Agreement and in violation of the Copyright Act.

17.     Actian only first discovered Sabre's ongoing infringement and breaches in 2023. Up to that point, Sabre had misled Actian by Sabre's failure to provide reporting and payment as expressly required by the Agreement.  It was only in October 2023 that Sabre finally revealed that reproduction and distribution of the Software has continued, despite Sabre's persistent refusal since 2014 to make any required report or disclosure.

18.     Making matters worse, on information and belief, and based on the limited information disclosed in 2023, Actian is concerned that Sabre allowed its customers to each reproduce and distribute a large number of copies of the Software without reporting and paying for such copies as required by the Agreement.  Actian is entitled to recover and seeks recovery of damages and Sabre's profits relating to all such copies.  Sabre was obligated to pay for all copies of the Software distributed (see, e.g., Agreement, Ex. B).  Sabre had no license allowing it to permit its customers to widely distribute the Software without Sabre's reporting and compensating Actian for such activity.

## COUNT I
## COPYRIGHT INFRINGEMENT

19.     Actian restates and incorporates by reference every allegation of the preceding Paragraphs.

20.     Actian is the owner of valid copyrights in the Software which Sabre has infringed. Copyrights in such Software are registered with the U.S. Copyright Office.

21.     Sabre's ongoing and past failures to comply with the terms and conditions of the license constitute copyright infringement.  Sabre's license was subject to the terms and conditions of the Agreement, including reporting and payment of fees, obligations which Sabre breached and ignored.

22.     Plaintiffs' infringement was and continues to be willful and intentional.

23.     Plaintiffs have continued to exploit the Software in violation of Actian's exclusive copyright rights, constituting infringement of the copyrights.

24.     As a direct and proximate result of Plaintiffs' wrongful conduct, Actian is entitled to damages in an amount to be proven at trial.  Actian's monetary recovery shall include without limitation Actian's actual damages, profits obtained by Sabre attributable to infringement, statutory damages (in the alternative or to the extent permitted by law), and prevailing party attorneys' fees to the extent recoverable under 17 U.S.C. § 505 and under other relevant law.

## COUNT II
## BREACH OF CONTRACT

25.     Actian restates and incorporates by reference every allegation of the preceding Paragraphs.

26.     A valid contract exits between Actian and Sabre, as embodied in the Agreement.

27.     Sabre materially breached the Agreement by engaging in wrongful conduct, including without limitation the following:

        a.   Sabre failed to pay amounts for copies made of the Software;

        b.   Sabre failed to pay amounts for copies distributed of the Software;

        c.   Sabre failed to report copies of Software made and distributed;

        d.   Sabre failed to comply with its audit obligations.

28.     The foregoing breaches are ongoing and occur on a regular basis.

29.     As a direct and proximate result of the breaches, Actian has suffered harm and damages, including without limitation lost licensing revenue and lost fees.

30.     Actian is entitled to damages for the breaches, including without limitation compensatory damages, indirect damages, and consequential damages.

31.     Actian is also entitled to recovery of its attorneys' fees and costs under governing state law and hereby seeks such fees and costs.

32.     Actian is also entitled to specific performance, including in regard to Sabre's audit obligations.

## PRAYER FOR RELIEF

Wherefore, in consideration of the foregoing, Plaintiff prays for judgment against Defendants as follows:

1.     For actual and compensatory damages in an amount to be proven at trial;

2.      Indirect and consequential damages in an amount to be proven at trial;

3.     For prejudgment interest on all damages awarded at the maximum allowable rate;

4.     Finding that the Defendants are liable for breach of contract;

5.      Finding that Defendants are liable for copyright infringement;

6.      Awarding Actian's actual damages for copyright infringement;

7.      Awarding all profits attributable to copyright infringement;

8.      Awarding, to the extent recoverable, statutory damages for copyright infringement under to 17 U.S.C. § 504(c)(1);

9.      Finding willful and intentional copyright infringement, and, to the extent recoverable, an award of enhanced damages under 17 U.S.C. § 504(c)(2);

10.     Awarding all costs in this action;

11.     Awarding Actian's attorneys' fees as set forth in the copyright statute, 17 U.S.C. § 505 and under other relevant law, including applicable state law.

## <u>JURY TRIAL DEMANDED</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of any issues so triable by right.

Dated: January 10, 2024                Respectfully submitted,

**REEVES & BRIGHTWELL LLP**

_____
Ryan Pierce
State Bar No. 20435413
3103 Bee Caves Rd, Ste 240
Austin, Texas 78746
rpierce@reevesbrightwell.com
(512) 334-4500 (Phone)
(512) 334-4492 (Fax)

**ATTORNEYS FOR PLAINTIFF
ACTIAN CORPORATION**